## N. Y. SUPERIOR COURT.

WILLIAM A. HAVEMEYER *et al.*, administrators, &c., plaintiffs and appellants, agt. JOHN C. HAVEMEYER *et al.*, defendants and respondents.

*Costs — Judgment reversed on appeal " with costs to the defendant to abide event — While issues were pending to be retried, leave was granted to defendant to amend answer upon payment of costs of the action to the present time not including allowances " — Effect of last order — Construction to be given to it.*

Where the general term in March, 1878, reversed the judgment which had previously been rendered for plaintiff " with costs to the defendant to abide the event," and the court at special term on June 4, 1878, while the issues were pending to be retried, granted to the defendants leave to amend the answer upon payment " of the costs of the action to the present time, not including allowances: "

*Held,* that this language did not expressly nor by necessary implication deprive the defendants of their contingent right to the costs awarded by the general term order, which contemplated not a final and complete disposition of all costs that had accrued up to that time as such, but a compensation to the plaintiffs for the amendment, to be measured by the taxable costs, to which, if successful, they would have been entitled.

*General Term, February,* 1882.

*Before* FREEDMAN *and* ARNOUX, *JJ.*

APPEAL by plaintiffs from an order affirming the clerk's taxation of costs, and denying a motion for retaxation.

*Henry H. Man,* for appellants.

*Francis N. Bangs,* for respondents.

FREEDMAN, *J.* — The question presented depends upon the construction to be given to the order of June 4, 1878.

Under the decisions of the court of appeals in *The Union*

*Trust Company* agt. *Whiton* (78 *N. Y.*, 491) sustaining the supreme court in the construction of its order in 17 *Hun*, 593, and *The First National Bank of Meadville, Penn.*, agt. *The Fourth National Bank of New York* (1 *Civ. Pro. R.*, 317), reversing the supreme court for having undertaken (in 22 *Hun*, 563) to construe an order of the court of appeals as it had construed its own order in the case first referred to, it seems clear that this court possesses the power and is at liberty to put its own construction upon the order of June 4, 1878, especially as that order was a discretionary one.

The order — after the defendants had procured, as a matter of strict right, a reversal of the judgment, and while the issues were pending to be retried — granted to the defendants leave to amend the answer upon payment " of the costs of the action to the present time, not including the allowance."

This language did not expressly nor by necessary implication deprive the defendants of their contingent right to the costs awarded by the order of the general term in March, 1878, reversing the judgment and granting a new trial, with costs to the defendants to abide the event, or to the costs as now taxed, to which under the decisions of *Howell* agt. *Van Siclen* (8 *Hun*, 524) and *Isaacs* agt. *New York Plaster Mills* (43 *N. Y. Supr. Ct. R.*, 397) the defendants are entitled, provided the order of June 4, 1878, did not cut off such right.   To hold now that the last named order had that effect would be to put a strained and unnecessarily harsh construction upon it, and one which is contrary to the interpretation already put upon it by this court; for in 44 *New York Superior Court Reports* (*p.* 171), the general term, upon defendant's appeal, defined the meaning of the order to be " such costs of the trial as would go to the plaintiffs in case there had been a termination favorable to them at the time of the order giving leave to amend."   The condition was not, as the plaintiffs now claim, that the defendants should pay the plaintiffs' costs, and in addition submit to the loss of their own and to the loss of their disbursements, though they

should finally succeed in the action. Language very different from that which was used would be required to maintain this proposition. Nor can I perceive that the imposition of the condition was in legal effect a final disposition of the costs of the whole litigation on both sides up to that time. The order having been made during the pendency of the issues, and in the exercise of the discretion of the court, and in respect to a matter of pleading merely, it contemplated not a final and complete disposition of all costs that had accrued up to that time as such, but a compensation to the plaintiffs for the amendment, to be measured by the taxable costs to which they would have been entitled in case then and there they had succeeded. The same ruling was made by the special term of this court in *Donovan* agt. *The Board of Education* (*reported in* 1 *Civil Pro. R.*, 311).

The foregoing considerations distinguished the case at bar from *Provost* agt. *Farrell* (13 *Hun*, 303). In that case the issues had been disposed of, and the judgment under which a right to costs had accrued was set aside and the controversy reopened as matter of favor on the ground of newly discovered evidence on payment "of $150.61 costs and disbursements of this action and ten dollars costs of this motion." At any rate the supreme court had a perfect right to construe its order under the circumstances as it did, while our right to construe the order of June 4, 1878, in accordance with the views above expressed, as called for by the justice of the case, is equally clear. According to the final determination of the case at bar the plaintiffs never had a case, and consequently they were not only not harmed by the amendment, but sufficiently well compensated for technical reasons for its allowance without subjecting the defendants to the additional loss of their costs and disbursements.

Under all the circumstances substantial justice requires that the taxation should be sustained.

No discrimination can be made between costs as such and disbursements.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

ARNOUX, J., concurs.